William G. Easton, J.
As construed by the court, this is a proceeding to review the refusal of the respondents, the Board of Education of West Irondequoit Central School District No. 3, to accept the petitioner’s petition designating him as a candidate for the office of member of the said Board of Edncation for the election to be held on May 4, 1966.
Presumably, the petition was filed pursuant to the requirements of section 2018 of the Education Law. Although there is no specific provision therefor, the clerk of the school district conducted an investigation into the qualifications of the petitioner and the signers of his petition. Thereafter, the clerk wrote the petitioner a letter advising him that he did not meet the qualifications entitling him to run for a position on the board, and therefore, rejecting the said petition. It appears that as of the date of the filing of the petition the petitioner was not a qualified voter of the district because he did not come within any of the categories qualifying a person to vote at a district meeting as set forth in section 2012 of the Education Law. Admittedly, this was the situation as of the time of the filing of the petition.
Upon the argument of this motion a written instrument was handed up to the court which in substance was a lease of property within the district to the petitioner which lease was dated April 19, 1966 and appears authentic upon its face. Assuming the authenticity of the lease, and there is no evidence to the contrary, the question to be decided is ‘ must the petitioner be a qualified voter of the district at the time of filing his nominating petition or is the date of the election the deciding factor as to his qualifications 1 ”
*11 Section 2018 of the Education Law does not answer this question. It contains no requirement one way or the other. Section 2102 of the Education Law simply says that ‘ ‘ Every school district officer must bo able to read and write and must be a qualified voter of the district”.
It is not necessary for this decision to decide whether the petitioner ’s lease is bona fide or not, since there are other ways by which he might become a qualified voter between the filing of his nominating petition and the date of the election. For example, there would be nothing to interfere with the petitioner’s buying and taking a deed to a piece of real estate within the district before the date of election. The court sees nothing wrong with a bona fide resident either leasing or buying a piece of real estate within the district in order to qualify himself as a voter.
This court is of the opinion that the time of his election must be the deciding date as to whether the petitioner, or any one else, is a qualified voter. There are some important analogies to be considered, to wit, section 23 of the Town Law which reads in part as follows: ‘1 Every elective officer of the town at the time of his election * * * shall be an elector of the town and shall be the owner of record of real property in the town ” (emphasis ours) and section 150 of the Election Law reads as follows: “ A person is a qualified voter in any election district * * * if he or she is or will be on the day of election qualified to vote * * * A qualified voter is a citizen who is or will be on the day of election twenty-one years of age ” (emphasis ours). Several of the annotations under section 2102 of the Education Law also indicate that “ the time of his election ” is the deciding date. (39 N. Y. St. Dept. 528; 23 N. Y. St. Dept. 514; 62 N. Y. St. Dept. 72.) Therefore, it is the decision of this court that if the petitioner is a qualified voter in the school district on or before election day he will be eligible to vote and be a candidate for office. If upon challenge, it is decided that petitioner is not a qualified voter on election day, if he were elected, his election would be null and void. The petition is granted to the extent that the respondents are directed to place his name in nomination as a candidate for election.